# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00344-GCM-DSC

| | |
|---|---|
| **JONATHAN THOMAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **SABER HEALTHCARE GROUP LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on the parties' "Motion[s] for Summary Judgment" (documents ## 16 and 17) and the related briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and these Motions are ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion for Summary Judgment be granted and Plaintiff's Motion for Summary Judgment be denied as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This matter arises under Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3). Accepting the factual allegations of the Complaint as true, Plaintiff was an employee of Autumn Care Corporation from 2004 until his resignation in September 2015. During his employment, he participated in the Autumn

Corporation 401(k) Retirement Savings Plan ("the Plan"). On June 16, 2015, Plaintiff secured a loan from the Plan in the amount of $50,000. He agreed to repay the loan through deductions from his paychecks. The loan was made pursuant to the Loan Rules for the Plan ("Loan Rules"). The Loan Rules provided that in the event of non-payment or termination of employment, the loan would be declared in default subject to written notice to the employee and a ninety-day cure period. Katherine Abel served as Loan Administrator.

When Plaintiff resigned in September 2015, the outstanding balance on the loan was $47,361.19. His loan payments could no longer be deducted from his pay. After his resignation, Plaintiff spoke to Ms. Abel on three separate occasions regarding the loan. During each conversation, Ms. Abel informed him that he would be receiving a notice and should wait to repay the loan until he received that notice.

In March 2016, Autumn Care was purchased by Saber Healthcare, the named Defendant. In November 2016, Plaintiff received notice from Defendant that his loan was placed into default status and would be reported to the Internal Revenue Service as a distribution of the outstanding balance from the Plan. This would result in penalties of $4,736.00 and taxes in the amount of $17,540.00, totaling $22,276.00. It is undisputed that Plaintiff did not receive notice of the default and was not provided with a ninety-day period to cure as required by the Loan Rules.

Shortly after Plaintiff was notified that his loan was placed in default, he sent a check for the outstanding balance to One America/McCready and Keene ("One America"), the Plan's third-party administrator. The check was returned to Plaintiff as an ineligible loan payoff, since the maximum cure period permitted by the IRS regulations for loans from a qualified retirement plan had expired.

In addition to the taxes and penalties paid by Plaintiff on the early distribution from the Plan, he seeks recovery for the lost opportunity to invest the funds that were deemed a distribution, including the taxes and penalties paid, into a Rollover Business Startup Account (ROBS). Plaintiff fails to articulate specific damages for the lost investment opportunity. The ROBS account was opened on January 12, 2018, more than two years after Plaintiff resigned from Autumn Care and more than a year after his loan was declared in default.

On July 2, 2018, Plaintiff filed suit pursuant to ERISA § 502(a)(3) claiming that Defendant breached its fiduciary duty by failing to provide him with notice of default and a ninety-day cure period as required by the Loan Rules.

On October 10, 2019, Plaintiff filed his Motion for Summary Judgment. Defendant filed its Motion for Summary Judgment on October 15, 2019.

## II. DISCUSSION

Federal Rule of Civil Procedure 56(a) provides:

> A party may move for summary judgment, identifying each claim or defense-or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed.R.Civ.P. 56(a). The Rule provides procedures for establishing the presence or absence of any genuine dispute as to any material fact:

(c) Procedures.

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. 56(c).

Although the moving party bears the initial burden of stating the basis for its motion and identifying what evidence demonstrates the absence of a genuine issue of material fact, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the

burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The facts must be viewed in the light most favorable to the non-moving party, and where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. See Ricci v. DeStefano, 557 U.S. 557, 585 (2009) (citations omitted).

"The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment." Coleman v. United States, 369 F. App'x 459, 461 (4th Cir. 2010) (citing Baber v. Hosp. Corp. of Am., 977 F.2d 872, 875 (4th Cir.1992)). The party asserting that a fact cannot be or is genuinely disputed must cite to particular materials in the record, including depositions, documentary evidence, affidavits and declarations. Fed.R.Civ.P. 56(c). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (emphasis in original).

Plaintiff seeks relief under ERISA § 502(a)(3) which provides: "A civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other *appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3) (emphasis added). By this provision, Congress provided individual beneficiaries with an avenue to seek equitable relief for a breach of fiduciary duty under ERISA.

To establish a claim for breach of fiduciary duty, the plaintiff must show: (1) that the defendant was a fiduciary of the ERISA plan; (2) the defendant breached its fiduciary responsibilities under the plan; and (3) that the participant is in need of injunctive or "other

appropriate equitable relief" from the court to remedy the violation or enforce the plan. Blair v. Young Phillips Corp., 235 F. Supp. 2d 465, 470 (M.D.N.C. 2001) (citing Griggs v. E.I. Dupont de Nemours & Co., 237 F.3d 371, 379-80 (4th Cir. 2001)).

It is undisputed that (1) Defendant is a fiduciary of the Plan and (2) Defendant breached its fiduciary responsibilities to Plaintiff under the Plan's Loan Rules by failing to provide him with notice of default and the ninety-day cure period. Plaintiff seeks recovery of taxes in the amount of $17,540.00 paid on the distribution from the Plan and penalties levied against the early distribution from the Plan in the amount of $4,736.00. He also seeks recovery for lost investment opportunities in an unspecified amount. The relief Plaintiff seeks is unavailable as a matter of law.

**A. Claim for Tax Liability and Penalty**

Numerous courts have held that tax liability is not "other appropriate equitable relief" within the meaning of ERISA and therefore not recoverable. See Mertens v. Hewitt Assoc., 508 U.S. 248, 255-56 (1993) (holding that relief available includes "those categories of relief that were typically available in equity (such as injunction, mandamus and restitution but not compensatory damages)"); Glencoe v. Teachers Ins. & Annuity Ass'n of Am., 232 F.3d 887 (4th Cir. 2000) (holding that taxes paid upon withdrawal of funds are extracontractual and compensatory damages, and not recoverable under ERISA); Farr v. U.S. West Communications, Inc., 151 F.3d 908, 916 (9th Cir. 1998) ("Plaintiffs may not recover their tax benefit losses under § 502(a)(3) despite the fact that that conclusion leaves Plaintiff without a remedy for an alleged breach of fiduciary duty under ERISA."); Novak v. Andersen Corp., 962 F.2d 757, 761 (8th Cir. 1992) (holding that ERISA does not authorize relief for tax losses associated with employer's failure to give statutorily required notice of rollover option).

Plaintiff argues that he is entitled to recover the full amount of taxes assessed in 2016 on the deemed distribution. But he ignores the fact that he would have been taxed on that distribution in the future. Thus, the full amount of Plaintiff's 2016 tax liability cannot be attributed to Defendant. In Cigna v. Amara, 563 U.S. 421, 444 (2011), the Supreme Court noted, in *dicta*, that "make-whole relief" may be awarded under § 502(a)(3) of ERISA to a plaintiff who can establish by a preponderance of the evidence that a fiduciary's breach **caused actual harm**. In Retirement Committee of DAK Americas LLC v. Brewer, 867 F.3d 471, 485-87 (4th Cir. 2017), the Fourth Circuit, interpreting Amara, rejected ERISA plan participants' effort to obtain monetary relief via surcharge for a fiduciary's alleged breach because the participants' alleged harm was too speculative. Here, Plaintiff cannot articulate the amount of his "actual harm" attributable to Defendant's breach. Any amount of future taxes is unpredictable and would render the alleged harm speculative. Plaintiff's inability to articulate the difference between taxes assessed in 2016 and taxes that would have been assessed in the future is fatal to his claim for surcharge.

In Marks Construction Co., Inc. v. Huntington National Bank, 614 F.Supp.2d 700, 710 (N.D.W.V. 2009), a case with facts very similar to those here, the Northern District of West Virginia Court held that "the plaintiff is not entitled to compensatory damages in the form of reimbursement for tax liabilities and **penalties** incurred as a result of the defendants' alleged fiduciary misconduct relating to the loans claims."

**B. Claim for Lost Investment Opportunities**

Plaintiff seeks damages related to investment opportunities he claims to have lost because he was required to pay $22,275.00 in taxes and penalties in 2016 rather than investing the money

in the ROBS account he opened in 2018. Plaintiff fails to articulate any calculation of the amount he seeks in damages.

This Court has expressly held that monetary damages intended to hold a fiduciary personally liable, such as Plaintiff seeks here, are unavailable under § 502(a)(3). Breyan v. US Cotton, LLC Long Term Disability Plan, No. 3:12-cv-491-RJC-DCK, 2014 U.S. Dist. LEXIS 32765, *10-12 (W.D.N.C. Mar. 13, 2014).

In Brewer, 867 F.3d at 485-87, the Fourth Circuit rejected ERISA plan participants' claim that, pursuant to Amara, 563 U.S. at 441-44, they were entitled to surcharge. The court rejected the claim because the participants failed to establish the amount of damages attributable to the fiduciary's actions and "[a]ny surcharge remedy would be based upon speculation and conjecture." Brewer, 867 F.3d at 426. Here, Plaintiff fails to establish the amount of harm attributable to Defendant's actions and a claim for lost investment opportunities is undoubtedly speculative. Plaintiff's speculative claims cannot be connected to Defendant's alleged breach.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that:

1. Defendant's "Motion for Summary Judgment" (document #16) be **GRANTED.**

2. Plaintiff's "Motion for Summary Judgment" (document #17) be **DENIED.**

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by

the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).   Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Graham C. Mullen.

**SO ORDERED AND RECOMMENDED**.

Signed: May 13, 2020

*(signature)*

David S. Cayer
United States Magistrate Judge