IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:18-cv-344-GCM

| | |
|---|---|
| JONATHAN THOMAS,<br><br>        Plaintiff,<br><br>v.<br><br>SABER HEALTHCARE GROUP, LLC,<br><br>        Defendant. | ORDER |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation ("M&R") (Doc. No. 24) issued in this matter. In the M&R, the magistrate judge recommended that the Court **GRANT** Defendant's Motion for Summary Judgment (Doc. No. 16) and **DENY** Plaintiff's Motion for Summary Judgment (Doc. No. 17). The magistrate judge advised the parties of their right to file objections within fourteen days of May 13, 2020, in accordance with 28 U.S.C. §636(b)(1)(c). Plaintiff filed its Objection (Doc. No. 25) on May 27, 2019, and Defendant filed its Reply to Objection (Doc. No. 26) on June 10, 2020.

**I.**   **Facts**

This matter arises under Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3). Plaintiff was an employee of Autumn Care Corporation from 2004 until his resignation in September 2015. During his employment, he participated in the Autumn Corporation 401(k) Retirement Savings Plan ("the Plan"). On June 16, 2015, Plaintiff secured a loan from the Plan in the amount of $50,000. He agreed to repay the loan through deductions from his paychecks. The loan was made pursuant to the Loan Rules for the Plan ("Loan Rules"). The Loan Rules provided that in the event of non-payment or termination of

1

employment, the loan would be declared in default subject to written notice to the employee and a ninety-day cure period. Katherine Abel served as Loan Administrator.

When Plaintiff resigned in September 2015, the outstanding balance on the loan was $47,361.19. His loan payments could no longer be deducted from his pay. After his resignation, Plaintiff spoke to Ms. Abel on three separate occasions regarding the loan. During each conversation, Ms. Abel informed him that he would be receiving a notice and should wait to repay the loan until he received that notice.

In March 2016, Autumn Care was purchased by Saber Healthcare, the named Defendant. In November 2016, Plaintiff received notice from Defendant that his loan was placed into default status and would be reported to the Internal Revenue Service as a distribution of the outstanding balance from the Plan. This would result in penalties of $4,736.00 and taxes in the amount of $17,540.00, totaling $22,276.00. It is undisputed that Plaintiff did not receive notice of the default and was not provided with a ninety-day period to cure as required by the Loan Rules.

Shortly after Plaintiff was notified that his loan was placed in default, he sent a check for the outstanding balance to One America/McCready and Keene ("One America"), the Plan's third-party administrator. The check was returned to Plaintiff as an ineligible loan payoff, since the maximum cure period permitted by the IRS regulations for loans from a qualified retirement plan had expired.

In addition to the taxes and penalties paid by Plaintiff on the early distribution from the Plan, he seeks recovery for the lost opportunity to invest the funds that were deemed a distribution, including the taxes and penalties paid, into a Rollover Business Startup Account (ROBS). The ROBS account was opened on January 12, 2018, more than two years after Plaintiff resigned from Autumn Care and more than a year after his loan was declared in default.

## II. Applicable Standard

The Federal Magistrates Act of 1979, as amended, provides that a "district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby v. Davis*, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and the Court has conducted a careful review of the magistrate judge's recommendation.

## III. Discussion

Plaintiff provides three specific objections to the magistrate judge's M&R. The first two objections are related, as Plaintiff argues that the magistrate judge was wrong to determine that Plaintiff is not entitled to recover the tax liability and penalties that resulted from Defendant's breach of fiduciary duty and that those tax liabilities and penalties caused no actual harm. Plaintiff's third objection is that the magistrate judge was wrong to determine that Plaintiff could not recover for the investment opportunity he lost when he was forced to pay $17,540.00 in taxes (in 2017) instead of investing that money "in the ROBS account he opened" (in 2018). The Court addresses each objection *de novo*.

### A. Tax Liabilities and Penalty

"Plaintiff agrees with the [magistrate judge] . . . that (1) Defendant is a fiduciary of the Plan and (2) Defendant breached its fiduciary responsibility to Plaintiff under the Plan's Loan Rules

3

resulting in Plaintiff being required to pay $4,736.00 in penalties and $17,540.00 in taxes." Plaintiff objects to the magistrate judge's denial of Plaintiff's right to be made whole for that breach because Plaintiff would have been taxed on that distribution for an unknowable amount in the future, rendering the harm to Plaintiff "too speculative." In *CIGNA Corp. v. Amara*, the Supreme Court held that monetary compensation for a loss resulting from a breach of duty falls within the scope of the term "appropriate equitable relief" in § 502(a)(3) of ERISA so long as a plaintiff can show "actual harm." 563 U.S. 421, 442, 444 (2011). While Plaintiff is not categorically prohibited from recovering the $17,540.00 in tax liabilities, the magistrate judge correctly found that Plaintiff cannot show actual harm because his future tax liability is not calculable. Indeed, Plaintiff's future liability may have been greater than that which he suffered as a result of Defendant's breach.

In contrast to the $17,540.00 in tax liabilities, the $4,736.00 tax penalty suffered by Plaintiff would not have been assessed absent Defendant's breach and thus the harm to Plaintiff is neither speculative nor difficult to calculate. Accordingly, Plaintiff can show that Defendant's breach caused actual harm as required by the Supreme Court in *Cigna*, and his first and second objections are **SUSTAINED.** *See* 563 U.S. at 444.

Defendant has not objected to the magistrate judge's finding that "Defendant is a fiduciary of the Plan and . . . Defendant breached its fiduciary responsibilities to Plaintiff under the Plan's Loan Rules . . . ." Nor has Defendant addressed Plaintiff's assertion that he suffered a $4,736.00 tax penalty as a result of that breach. Thus, the Court considers that fact undisputed. *See* Fed. R. Civ. P. 56(e)(2). Accordingly, Plaintiff is entitled to judgment as a matter of law with regard to both his breach of fiduciary duty claim and damages.

4

### B. Lost Investment Opportunity

Plaintiff also objects to the magistrate judge's decision that he cannot recover for lost investment opportunities related to his $17,540.00 tax payment, which he paid approximately seventeen years early. However, as explained above, Plaintiff cannot show actual harm because his future tax liability is not calculable. Further, the ROBS account into which Plaintiff asserts he would have invested the amount of his tax liabilities was not opened until more than a year after Plaintiff entered default. Thus, Plaintiff's claim to recover for lost investment opportunities is inherently speculative and should be rejected. *See Ret. Comm. of DAK Ams. LLC v. Brewer*, 867 F.3d 471, 486 (4th Cir. 2017) (A surcharge remedy should not be based upon "speculation and conjecture."). Plaintiff's third objection is **OVERRULED**.

### IV. Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment is **DENIED** and Plaintiff's Motion for Summary Judgement is **GRANTED**. Plaintiff is awarded $4,736.00 in damages.

**SO ORDERED.**

Signed: August 10, 2020

Graham C. Mullen
United States District Judge