IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18CV344-GCM

| | |
|---|---|
| JONATHAN THOMAS, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>SABER HEALTHCARE GROUP, LLC, )<br>)<br>    Defendant. )<br>_____) | ORDER |

This matter is before the Court on Plaintiff's Motion for Attorney Fees and Costs. The motion is fully briefed and ripe for disposition.

The factual background of this motion is contained in the Court's Order of August 11, 2020 overruling the magistrate judge's memorandum and recommendation in this ERISA case, granting summary judgment in favor of the Plaintiff, and awarding the Plaintiff $4,736.00 in damages. (Doc. No. 27). Plaintiff now seeks attorney's fees and costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 29 U.S.C. § 1132(g)(1).

Determining whether a party is entitled to attorney fees under ERISA involves a two-step process. First, a party claiming fees must show "some degree of success on the merits" before a Court may award attorney fees. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010). Second, if a claim that passes through the "some degree of success on the merits" step, the Court must determine whether to exercise its discretion and award fees under Section 29 U.S.C. § 1132(g)(l). *Simonia v. Glendale Nissan/Infinity Disability*, 608 F. 3d 1118, 1120-1121 (9th Cir. 2010). In the case at bar, in spite of the opposition of Defendant to all of Plaintiffs claims, Plaintiff was successful in receiving "some success on the merits" by way of Court

1

awarding Plaintiff the penalties incurred due to the culpable conduct of the Defendant in the amount of $4,736.00.

In determining whether to exercise its discretion and award fees under Section 29 U.S.C. § 1132(g)(l), the Court is guided by the five-factor test adopted by the Fourth Circuit in *Quesinberry v. Life Ins. Co*., 987 F. 2d 1017 (4th Cir. 1993). The Court must consider:

1) The degree of the opposing parties' culpability or bad faith;
2) the validity of opposing parties' ability to satisfy an award of attorney fees;
3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;
4) Whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and
5) The relative merits of the parties' positions.

*Quesinberry*, 987 F.2d at 1029. The Court will address each of these factors in turn.

While there is no evidence of bad faith on the part of the Defendant, it was clearly culpable in failing to provide notice to the Plaintiff so that he could timely cure the default and in failing to inform the Plaintiff of his rights to his detriment. Although Defendant is a large corporation, there is no evidence as to its ability to satisfy an award of attorney's fees. Regarding deterrence, the Court finds that an award of fees would possibly deter employers from future failures to follow the terms of an ERISA Plan and from failures to provide Plan participants with any required notices under the Plan.

As for factors four and five, this case involved the significant legal question of whether Plaintiff could recover his consequential damages under ERISA based upon the Supreme Court

2

decision in *Cigna Corp. v. Amara*, 563 U.S. 421 (2011). The magistrate judge initially denied the Plaintiff's Motion for Summary Judgment and granted Defendant's Motion for Summary Judgment. However, this Court reversed those decisions, awarding Plaintiff the fines and penalties incurred as a result of the Defendant's culpable conduct in defaulting the loan without providing Plaintiff with notice required under the rules of the Plan. Having considered the *Quesinberry* factors, the Court finds that an award of attorney's fees to Plaintiff is appropriate.

The Court must next determine the appropriate amount of fees to award. "In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). In determining the lodestar figure, the Court is to consider the following twelve factors known as the *Johnson/Barber* factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Grissom v. Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008) (quoting *Spell v. McDaniel*, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987)).

1) Time and labor expended:

Plaintiff seeks attorney's fees in the amount of $16,300.00 for 65.2 hours spent on this litigation. In support of this amount, Plaintiff submits invoices that show billing entries and the

time spent on each entry.[1] The Court find the time and labor expended appear to be reasonable and appropriate.

    2) Novelty and difficulty of the questions raised:

With regard to the second factor, the Court finds that the questions raised in this case were difficult and complex. Significant briefing was made on the issue of what damages Plaintiff was entitled to recover and the interpretation of the Supreme Court's decision in *Amara*. The magistrate judge ruled in Defendant's favor, but this Court ultimately reversed.

    3) Skill required to properly perform the legal services rendered:

The Court recognizes that "ERISA is a complex area of federal law, requiring particular skill and experience to properly perform the legal services rendered in such cases." *Vincent v. Lucent Techs., Inc*., No. 3:07-cv-00240, 2011 WL 5075650, at *5 (W.D.N.C. Oct. 25, 2011). The Court finds that Plaintiff's counsel possesses both particular skill and experience.

    4) The attorney's opportunity costs in pressing the instant litigation:

As Plaintiff's counsel is a solo practitioner, a considerable amount of time was spent on this litigation which could have been directed towards other clients.

    5) Customary fee for like work:

Plaintiff's counsel charged a rate of $250.00 per hour for all work performed in this case. "In the absence of specific evidence regarding the prevailing market rate, the Court may establish a reasonable rate based upon its own knowledge and experience of the relevant market, which in this case would be Charlotte, North Carolina area." *Irwin Indus. Tool Co. v. Worthington*

---

[1] In its response, Defendant argues that fees are not warranted because Plaintiff failed to provide objective evidence, such as billing records, to support his fee request. However, in his Reply and accompanying Declaration, Plaintiff's counsel remedied this error by submitting the invoices, along with his Declaration.

*Cylinders Wis., LLC,* 747 F. Supp.2d 568, 593-94 (W.D.N.C. 2010) (citing *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F. 3d 169, 179 (4th Cir. 1994)). Recently, in *Kinsinger v. SmartCore, LLC*, 2020 WL 2926476 (W.D.N.C. June 3, 2020), this court determined that a customary fee for attorneys litigating ERISA matters was between $250.00 to $300.00 for associates and $400.00 for partners. The Court finds that the hourly rate requested by the Plaintiff is reasonable and in line with fees charged by other attorneys in this area for like work.

6) The attorney's expectations at the outset of the litigation:

This factor provides no guidance to the Court in determining the reasonableness of an award of attorneys' fees.

7) The time limitations imposed by the client or circumstances:

This factor provides no guidance to the Court in determining the reasonableness of an award of attorneys' fees.

8) The amount in controversy and the results obtained:

Plaintiff originally sought to recover his taxes incurred in the amount of $17,540.00, lost investment opportunity, as well as penalties in the amount of $4,736.00. This Court ultimately awarded Plaintiff damages in the amount of the penalties incurred.

9) The experience, reputation and ability of the attorney:

Plaintiff's counsel has been practicing since 2000. He has submitted his resume which indicates his experience in a multitude of complex areas of the law, including ERISA. In addition, he has attached the affidavit of attorney William K. Goldfarb attesting to his skill in litigating complex cases as well as his character.

(10) The undesirability of the case within the legal community in which the suit arose:

The Court finds nothing particularly undesirable about this case.

(11) The nature and length of the professional relationship between attorney and client:

The Plaintiff's counsel has represented him since 2017 and currently represents him on other legal matters as well.

(12) Attorneys' fee awards in similar cases:

The Court has awarded higher fees in other ERISA cases. *See Vincent*, 2011 WL 5075650; *Kinsinger*, 2020 WL 2926476.

The Court notes that the Defendant does not specifically dispute or challenge the hours or hourly rate of the Plaintiff's counsel herein, but only argues that they are not supported by any evidence. As noted above, Plaintiff subsequently provided the evidence that Defendant contends was lacking. Based on the foregoing, the Court finds that the hours claimed by Plaintiff's counsel were reasonably expended on this case. The Court further finds that the hourly rates requested by Plaintiff's counsel are reasonable. Therefore, the Court awards attorneys' fees to Plaintiff totaling $16,300.00. Moreover, Plaintiff seeks $444.16 in costs incurred, which include mediation, mail, and Pacer fees. Defendant does not specifically raise any arguments against an award of costs.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney's Fees and Costs is hereby GRANTED and Plaintiff is awarded $16,300.00 in attorney fees and $444.16 in costs.

Signed: February 9, 2021

Graham C. Mullen
United States District Judge